FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT LARAMIE GOMES, <br><br> Plaintiff, <br><br> v. <br><br> YAKIMA COUNTY JAIL, YCDOC, LEGAL RECORDS DIVISION and MENTAL HEALTH DEPARTMENT, <br><br> Defendants. | No. 1:19-cv-03076-SMJ <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION, MOTION TO STAY, MOTION FOR EXTENSION OF TIME, AND SECOND MOTION TO STAY** |

By Order filed October 10, 2019, the Court dismissed this action with prejudice for failure to state a claim upon which relief may be granted, ECF No. 15, and judgment was entered, ECF No. 16. The Court also found Plaintiff had failed to comply with the Court's directive to amend or voluntarily dismiss and failed to keep the Court apprised of his current address. *See* ECF No. 16 at 1–2.

On October 23, 2019, Plaintiff filed what was construed as a Motion for Reconsideration, ECF No. 18. He subsequently filed two construed Motions to Stay, ECF Nos. 19 and 21, and a construed Motion for Extension of Time, ECF No. 20. The Court has reviewed the motions and the file in this matter and is fully informed. For the reasons set forth below, the Court denies the Motion for Reconsideration,

ECF No. 18. The two Motions for Stay and the construed Motion for Extension of Time, ECF Nos. 19, 20, & 21, are denied as moot.

## MOTION FOR RECONSIDERATION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

On July 9, 2019, the Court directed Plaintiff to amend his Complaint or to file a motion for voluntary dismissal, explaining that Plaintiff had failed to state a claim upon which relief could be granted. ECF No. 13. Plaintiff was given sixty days to comply with that order. *Id.* Ninety-three days later, after the Court's orders were returned as undeliverable and the Court had received no communication from Plaintiff, the Court dismissed the case with prejudice for failure to state a claim upon which relief can be granted. ECF Nos. 14, 15. The Court then received a letter

dated October 19, 2019, one hundred and two days after Plaintiff was ordered to amend or voluntarily dismiss. *See* ECF No. 17.

Plaintiff indicates that he has been returned to the Yakima County Jail and asks the Court to reinstate his case, claiming his mail had been misappropriated by persons from whom he had rented a room. ECF No. 18 at 1. He claims he twice attempted to notify the courts of his change of address. *Id.* On November 18, 2019, Plaintiff submitted a request that his cases be "placed on hold," as he focused on obtaining his freedom and being reunited with family. ECF No. 19 at 1. Defendant also asserts he is attempting to find an attorney. *Id.* Defendant then sought additional time to comply with directives from the U.S. District Courts and indicated that civil suit forms were not readily available at the jail facility. ECF No. 20 at 1.

The Court did not receive any notice of change of address from Plaintiff. Plaintiff has also failed to adequately explain why he was unable to monitor the status of his case or respond to the Court's July 9, 2019 Order when he was released from custody. More than three months passed between the Court's July 9, 2019 Order Directing Plaintiff to Amend or File a Motion for Voluntary Dismissal and Plaintiff's October 19, 2019 letter to the Court. Plaintiff does not assert that during this time he made any attempt to check on the status of his case by calling, by coming to the court, or by reviewing the public records available through the Public Access to Court Electronic Records system. Plaintiff is responsible for moving his

case forward. Here, he has failed to do so and also failed to adequately explain why he was unable to do so. As such, the Court finds no basis to reconsider its decision to dismiss the complaint and declines to re-instate this action.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's construed Motion for Reconsideration, **ECF No. 18**, is **DENIED**.

2. Plaintiff's Motions seeking a stay or an extension of time, **ECF Nos. 19, 20 & 21**, are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff at his last known address. The file shall remain closed.

**DATED** this 14th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTIONS – 1